IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LINZIE LIPFORD, ) | |
| ) | Case No. 1:06-CV-01420 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Ann Aldrich |
| ) | |
| EDDIE WARE, et al., ) | Magistrate Judge Nancy A. Vecchiarelli |
| ) | |
| Defendants. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |

Before the court is plaintiff Linzie Lipford's ("Lipford") complaint/"petition" for habeas corpus relief [Docket No. 1]. This case was filed as a "petition for writ of habeas corpus," or alternatively as an action under 42 U.S.C. § 1983. Lipford is a 92-year old woman allegedly residing at defendant Eliza Bryant Village ("EBV"), a nursing home in the Cleveland area. Defendant Eddie Ware ("Ware") is apparently Lipford's nephew, appointed as her guardian by the Probate Court of Cuyahoga County. The complaint alleges that Lipford is being detained in violation of the federal constitution by order of the Cuyahoga County Probate Court, and that Lipford is being denied due process. The complaint seeks an order of this court directing the release of Lipford from state "custody".

Lipford has also filed a motion for stay [Docket No. 3], seeking an order of this court staying further proceedings by the Cuyahoga County Probate Court pending an appeal of orders of that court to the state appeals court. Lipford's counsel, Ms. Mitchell, at oral argument on that motion, presented a durable power of attorney signed by Lipford. Counsel for Ware indicated that both he and the probate court judge had requested that Ms. Mitchell present that durable power of attorney previously, but that Ms. Mitchell had not done so.

Prior to any determination of the issues, it is this court's duty to determine whether it has subject matter jurisdiction in this case. *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 904 (6th Cir. 2006) ("For instance, "'[t]he existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself.'" (quoting *In re Lewis*, 398 F.3d 735, 739 (6th Cir.2005))). This court finds that subject matter jurisdiction does not exist in this case, and even if it did, the court could not grant the relief sought by Lipford's motion for stay because of federal abstention doctrines.

First, Lipford is not actually in the custody of the state but residing at a private nursing facility. Therefore, habeas relief cannot be granted. 28 U.S.C. § 2254. Second, although an order of the state probate court appointed Ware as Lipford's guardian, there is no state actor imposing her "confinement" because no act by any state actor placed her in EBV, as Lipford's counsel admitted at oral argument. Hr'g Tr. at 9:19-24. Therefore, jurisdiction under 42 U.S.C. § 1983 does not exist either. Even if some sort of state action was at issue, 42 U.S.C. § 1983 may not be used as a substitute for a state court appeal, or to relitigate questions previously decided by a state court, as Lipford attempts to do here. *Tonti v. Petropoulous*, 656 F.2d 212, 216 (6th Cir.1981) (the filing of an action under 42 U.S.C. § 1983 cannot serve as a basis for relitigating questions previously decided in the state courts); *Coogan v. Cincinnati Bar Ass'n*, 431 F.2d 1209, 1211 (6th Cir.1970) (*per curiam*) (the Civil Rights Act was not designed to be used as a substitute for the right of appeal, or to make a collateral attack upon the final judgment of the highest court of a state and relitigate the issues which it decided).

Furthermore, this matter involves a dispute over probate matters and the way in which the state probate court is deciding those matters. It is beyond question that federal courts do not handle probate matters. *Lepard v. NBD Bank*, 384 F.3d 232, 237 (6th Cir. 2004). Finally, as the complaint seeks to challenge *ongoing* proceedings in state probate court, the *Younger* doctrine applies and requries

abstention and dismissal of the petition for lack of subject matter jurisdiction. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44. In this case, the state probate proceedings are ongoing, they implicate important state interests that the federal courts explicitly do not address, and Lipford has failed to provide any reason for the court to find that the state proceedings deny her an adequate opportunity to raise federal questions.

For those reasons, the court finds that it lacks jurisdiction over this matter under either 28 U.S.C. § 2254 or 42 U.S.C. § 1983 and therefore dismisses the complaint [Docket No. 1] in its entirety for lack of subject matter jurisdiction. Lipford's motion for stay [Docket No. 3] is also denied.

IT IS SO ORDERED.

    /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: June 29, 2006**